IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAURICE BARKSDALE, # B61033, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-cv-01287-JPG |
| ) | |
| STATE OF ILLINOIS, and ) | |
| DIXON CORRECTIONAL CENTER, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Maurice Barksdale is serving a seven year sentence for attempted robbery and is currently incarcerated at Dixon Correctional Center. Plaintiff has brought this *pro se* civil rights action pursuant to 28 U.S.C. § 1331. Section 1331 provides the jurisdictional basis for civil actions arising under the Constitution. Section 1331 is used by *federal* prisoners; in contrast, 42 U.S.C. § 1983 provides jurisdiction over similar actions filed by *state* prisoners. Because Plaintiff is a state prisoner, this action is construed as being brought pursuant to Section 1983.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Section 1915A provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

The only part of the complaint that is decipherable is the prayer for relief: "to leave be discharged let out" [sic] (Doc. 1, p. 6). Given the request to be released from prison, and a sprinkling of words such as "letting me go leave to appeal," "petition" and "supreme court," Barksdale may have intended to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In any event, the complaint is unintelligible and fails to state a claim upon which relief can be granted. Therefore, the complaint will be dismissed without prejudice. Plaintiff will be given an opportunity to file another complaint, or a petition for writ of habeas corpus, depending upon what it is he seeks.

If Plaintiff wants to sue a state actor (s) for violating his constitutional rights, for which he would, typically, be awarded money damages, he should file an amended Section 1983 complaint. The State of Illinois and Dixon Correctional Center cannot be sued under Section 1983; accordingly, they must dismissed with prejudice.

If Plaintiff is trying to overturn his conviction, a Section 2254 petition for habeas corpus would be appropriate. However, this Court cannot convert this Section 1983 action into a Section 2254 action; a new action would have to be filed. The proper respondent to a Section 2254 petition would be the warden having custody of Plaintiff.

**IT IS THEREFORE ORDERED** that the complaint is **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted. Defendants **STATE OF ILLINOIS** and **DIXON CORRECTIONAL CENTER** are **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that on or before **(February 10, 2014)**, Plaintiff shall file an amended complaint. If Plaintiff fails to file an amended complaint, or the amended complaint fails to pass preliminary review under Section 1915A, the action will likely be dismissed with prejudice, closing this action. Dismissal would then count as one of Plaintiff's

three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  In any event, Plaintiff's obligation to pay the filing fee for this action was incurred at the time the complaint was filed, thus the filing fee of $350.00 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff desires to file a petition for habeas corpus, he must initiate a new action and pay an additional filing fee (or move for leave to proceed *in forma pauperis*).

The Clerk of Court is **DIRECTED** to send Plaintiff a copy the instructions for filing a civil rights complaint, a Section 1983 complaint form, a Section 2254 petition form, a form motion for leave to proceed *in forma pauperis*, and a form motion for recruitment of counsel.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 10, 2014**

s/ J. Phil Gilbert
United States District Judge
