IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MAURICE BARKSDALE, # B61033,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 13-cv-01287-JPG |
| | ) |
| **STATE OF ILLINOIS,** | ) |
| | ) |
| **Defendant.** | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Maurice Barksdale is serving a seven year sentence for attempted robbery and is currently incarcerated at Dixon Correctional Center. Plaintiff's amended complaint (Doc. 9) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>    (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>    (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557.

**Discussion**

Plaintiff's initial *pro se* complaint was filed as a civil rights action pursuant to 28 U.S.C. § 1331. Section 1331 provides the jurisdictional basis for *federal* prisoners to bring civil actions arising under the Constitution. Because Plaintiff is a state prisoner, the action was construed as being brought pursuant to 42 U.S.C. § 1983. Nevertheless, the complaint was dismissed without prejudice because the State of Illinois and Dixon Correctional Center are not proper defendants to a Section 1983 action, and the complaint was unintelligible and failed to state a claim upon which relief could be granted. Because the complaint included inklings that Plaintiff was actually seeking release from custody, Plaintiff was given an opportunity to file an amended civil rights complaint, or to pursue a new case by filing a petition for writ of habeas corpus.

The amended complaint is unintelligible, and the sole defendant is the State of Illinois. There is a reference to Plaintiff's defense counsel, there is an indication that Plaintiff may have recently exhausted avenues for collateral relief in the state system, and an attached grievance pertains to Plaintiff's mandatory supervised release date. Thus, it again appears that Plaintiff is seeking release from custody, which falls within the ambit of habeas corpus. *See* 28 U.S.C. §§ 2241, 2254. In any event, Plaintiff has for a second time failed to state a civil rights claim upon which relief can be granted.

The amended complaint will be dismissed without prejudice, judgment will be entered, and the case will be closed. No strike will be assessed under 28 U.S.C. § 1915(g). The Clerk of Court will be directed to send to Plaintiff the necessary forms and information for filing a habeas corpus petition.

**IT IS THEREFORE ORDERED** that the complaint is **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted. Defendant **STATE OF ILLINOIS**

is **DISMISSED** from this action with prejudice.  The dismissal of Defendant **DIXON CORRECTIONAL CENTER** shall also be reflected in the judgment (*see* Docs. 5, 9).

The Clerk of Court is **DIRECTED** to again send Plaintiff a copy of the instructions for filing a Section 2254 petition and a form petition, as well as a form motion for leave to proceed *in forma pauperis*, and a form motion for recruitment of counsel.

**IT IS SO ORDERED.**

**DATED: May 16, 2014**

*s/ J. Phil Gilbert*
**United States District Judge**